**Miodrag NIKOLIC, Plaintiff,**

v.

**The UNITED STATES, et al.,
Defendants.**

**Court No. 82–6–00850.**

United States Court of
International Trade.

April 6, 1983.

Leonard M. Fertman, Los Angeles, Cal., for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C. (David M. Cohen, Director, Commercial Litigation Branch and A. David Lafer, Washington, D.C.), for defendants.

Memorandum Opinion And Order On Plaintiff's Motion And Defendants' Cross-Motion For Summary Judgment

BOE, Judge:

In the above-entitled action the plaintiff, by a motion for summary judgment, challenges the denial of plaintiff's application for an individual customhouse broker's license by the Secretary of the Treasury. The denial was based on plaintiff's failure to obtain a passing grade on the requisite broker's examination. 19 C.F.R. § 111.13. Jurisdiction in the within proceeding is conferred on this court by 28 U.S.C. § 1581(g)(1).

It is undisputed that the plaintiff would have passed the requisite broker's examination had he answered correctly a specific question in the examination which, the plaintiff contends, was incorrectly marked by the defendants.

The examination question in issue (question 4(A) of Part II of the examination) reads as follows:

Show the 7 digit item number for the merchandise described in each of the following circumstances:

A. Handbag, not of pile construction, not braided, $25.00 each.

Value breakdown:

40%  Cotton
5%   Nylon
10%  Acrylic
45%  Leather

Plaintiff answered the foregoing question in the examination by classifying the merchandise under item 706.0900, TSUS, relating to "handbags of leather, valued over $20.00 each, other."

The defendants in their cross-motion for summary judgment contend that the merchandise described in the examination question, afore-referred to, should be classified under item 706.2450, TSUS, relating to handbags of textile materials.

General Headnote 10(f) provides that:

An article is in chief value of a material if such material exceeds in value each other single component material of the article.

Relying on General Headnote 10(f), the plaintiff, in support of his claim, contends that the merchandise described in the examination question number 4 was in chief value of leather (45%) and that, accordingly, the said merchandise must be classified pursuant to the aforesaid General Headnote as a "leather" handbag.

General Headnote and Interpretative Rule 10(c)(ii) requires that "comparisons are to be made only between provisions of coordinate or equal status, i.e., between the primary or main superior headings of the schedules or between coordinate inferior headings which are subordinate to the same superior heading."

In Schedule 7, Part 1, Subpart D relating to classification of women's luggage and handbags, the court notes that there are five major categories embracing such merchandise:

Of leather (item 706.0400 et seq., TSUS); of unspun fibrous vegetable materials (item 706.1500 et seq., TSUS); of textile materials (item 706.20 et seq., TSUS); of reinforced or laminated plastics (item 706.30 et seq., TSUS) and of "other materials" (item 706.4000 et seq., TSUS).

From the value breakdown of the merchandise in issue set forth in the examination question number 4, it appears clear that the handbag cannot be deemed wholly of any one of the named component materials.

Headnote 2(a) of Schedule 3, TSUS, defines the term "textile materials" to mean "the fibers (the cotton, other vegetable fibers, wool and hair, silk, and man-made fibers) provided for in Part 1 of this schedule."

Cotton, nylon and acrylic are textile materials. *See* Part 1(A), Schedule 3, TSUS; Appendix to the Tariff Classification Study, Schedule 3 (1960).

In view of Interpretative Rule 10(c)(ii) the leather content of the handbag referred to in examination question number 4 cannot be compared to the individual cotton content, nylon content or acrylic content in determining the chief value of the said merchandise. *Vandegrift Forwarding Co., et al. v. United States,* 37 Cust.Ct. 18 (1956). The leather content must be compared to the total of the cotton, nylon and acrylic materials which comprise the textile component of the merchandise in issue. Accordingly, the handbags which consist of 55% of textile materials are "in chief value" of textile materials and properly are classifiable only under item 706.2450, TSUS.

Now therefore, it is hereby

ORDERED that plaintiff's motion for summary judgment be and the same is hereby denied, and it is further

ORDERED that the defendants' cross-motion for summary judgment be and is hereby granted, and it is further

ORDERED that the Secretary of the Treasury's decision denying plaintiff's application for a customhouse broker's license is hereby affirmed.